FILED
2018 Mar-21 AM 10:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION**

| | | |
|---|---|---|
| ERIC MACK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 4:15-cv-0439-KOB-JEO |
| | ) | |
| STATE OF ALABAMA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM OPINION**

Eric Mack has filed a petition for a writ of habeas corpus case challenging his 1984 kidnapping and robbery convictions in the Circuit Court of Etowah County. (Doc. 1). Mack subsequently filed an amended habeas petition. (Doc. 4). The magistrate judge entered a report and recommendation finding that the petition was due to be denied as barred by the applicable statute of limitations. (Doc. 19).

Mack filed objections to the report and recommendation (doc. 22) and two pleadings captioned "Additional Evidence," which are more in the nature of objections (docs. 23 & 24). He also has filed motions for a hearing on the issues, for a status update, and to move the proceedings forward. (Doc. 26, 27, 30 & 31). Lastly, he has filed a motion requesting that the court reconsider its order denying his motion to have the magistrate judge removed from this case based on bias and prejudice. (Doc. 29).

While Mack makes numerous substantive objections, the operative issue at this juncture is whether his petition is barred by the statute of limitations. He contends his petition is not barred because (1) his 2009 Rule 32 petition, which was filed 12 years after the statute of limitations ran, was timely because it involves a challenge to an invalid indictment and the failure to disclose favorable information by the prosecution (doc. 22 at 12-14); (2) the convictions are based on fraud and misrepresentation and the suppression of exculpatory facts (doc. 22 at 15-24; doc. 23 at 3-4); (3) he is entitled to equitable tolling (doc. 22 at 25-27; doc. 23 at 6; doc. 24 at 4); and (4) he is actually innocent of the crimes (doc. 22 at 28-31; doc. 23 at 5-6; doc. 24 at 7-8; doc. 26 at 1-12; doc. 27 at 1-21; doc. 31 at 1-22).

Mack's challenges involve two specific issues: (1) whether a kidnapping occurred and (2) whether the robbery offenses were sufficiently differentiated by time and location to constitute two offenses. (Doc. 26 at 2).[1] Mack asserts that no kidnapping occured because the victim was not threatened or taken to Attalla. He also asserts a single robbery because of insufficient differentiation between the time of the actions.

---

[1]Mack also refers to the magistrate judge's use of a "modified" version of the victim's statement. (*See*, *e.g.*, Doc. 26 at 9). A comparison of the "modified" statement and the statement Mack references shows no substantive differences. (Compare Doc. 10-15 (Ex. 14) at 36-38 and Doc. 10-19 (Ex. 18) at 40-42).

Mack's first objection to the report and recommendation, that his petition is timely because it is premised on an invalid indictment and the failure to disclose favorable information, lacks merit. Once the federal statute of limitations is triggered and begins to run, which it did in this case, the limitations period can be tolled via statutory tolling. *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008). Statutory tolling arises from 28 U.S.C. § 2244(d)(2), which provides that the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward [the one-year limitations period of § 2244(d)(1)]." While a "properly filed" petition under ALA. R. CRIM. P. 32 can operate as a tolling motion under § 2244(d)(2), an unsuccessful petition filed only after the expiration of the limitations period of § 2244(d)(1) does not reset or restart the one-year federal clock. *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009); *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003). Further, a Rule 32 petition rejected by the state courts as untimely filed under state law is not "properly filed" for purposes of § 2244(d)(2). *See Allen v. Siebert*, 552 U.S. 3, 7, 128 S. Ct. 2, 4 (2007). Based on these principles, Mack is not entitled to any statutory tolling because neither of his Rule 32 petitions reset or restarted the one-year statute of limitations and both petitions were dismissed by the Alabama state courts as untimely under state law. Accordingly, this objection lacks merit.

To the extent Mack argues that the court should consider his present petition on the merits because the underlying convictions are based on fraud, misrepresentation, and suppression of exculpatory facts, the court will consider this allegation in the context of equitable tolling and actual innocence.

The limitations period of § 2244(d) is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645, 130 S. Ct. 2560 (2010). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (citation and internal quotation marks omitted). Because equitable tolling is "an extraordinary remedy," it "is limited to rare and exceptional circumstances" and "typically applied sparingly." *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005), *aff'd*, 549 U.S. 327 (2007).

In support of application of equitable tolling, Mack argues he did not know of the factual basis of his claim that the prosecution presented false, material facts, *i.e.*, that the victim was taken from Gadsden to Attalla, where she was robbed of her jewelry, until July 5, 2011. (Doc. 4 at 26; Doc. 22 at 27). This argument fails for a number of reasons. First, Mack has not demonstrated that he has been diligent in pursuing this claim. He obviously was present at the trial in 1984 to hear the victim's testimony concerning the kidnapping and the robberies. The Alabama Uniform

Offense/Incident Report Mack references is a record that existed in 1984. Mack's argument that he did not know of its existence until 2011 does not constitute substantive evidence. He has not supported his contention with any affidavit or other evidence that he only became aware of this document in 2011.

To the contrary, in his summary judgment brief during the 2011 Rule 32 proceeding, Mack stated that he was unsure of whether the prosecution disclosed the statement or whether his counsel failed to advise him of its existence. (Doc. 20-2 (Ex. 18, Pt. b) at 4). The record also fails to demonstrate any effort by Mack to investigate or find out about the victim's prior statement at any point prior to 2011. Mack knew from the presentence report dated June 1, 1984, that the "offense[s] occurred within the city limits of Gadsden, Alabama." (Ex. 15 (Doc. 10-16) at 14). Finally, while Mack explains how the prosecutor's brief alerted him to the legal issue, he never states how, where, or when he obtained the victim's statement. Simply stated, Mack has failed to meet his burden with regard to the first prong for equitable tolling.

Second, Mack has failed to show that some extraordinary circumstance stood in his way and prevented him from timely raising this claim. To the extent he argues in conclusory fashion that the prosecution or his lawyer failed to share the victim's prior statement with him, he has not supported that contention with any evidence.

Additionally, as just stated, he has never explained how, where, or when he obtained the victim's statement. Thus, he is not entitled to equitable tolling.

Finally, the court recognizes that it can review Mack's untimely § 2254 habeas claims on the merits where he can show that he is "actually innocent." *See McQuiggin v. Perkins*, 569 U.S. 383, 393-94, 133 S. Ct. 1924, 1932 (2013). Under that exception, "prisoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37, 126 S. Ct. 2064, 2076-77 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327,115 S. Ct. 851, 867 (1995)). Mack has not alleged any circumstances suggesting that he might qualify for this exception. Mack argues the victim's statement is significant because, if she was "not taken from Gadsden to Attalla" as alleged at trial by the prosecution, this fact impacts his prosecution and conviction on the kidnapping and robbery charges. (Doc. 22 at 20-25). More specifically, he argues that the victim's statement shows no second or subsequent taking of her jewelry to support the second robbery conviction (*id*. at 19-24) and no kidnapping of the victim because Mack only retrained her, which is a misdemeanor (*id*. at 28-31). For the reasons address in the magistrate judge's report, this claim lacks merit. *See* (Doc. 19 at 17-18). Additionally, the victim's statement specifically provides that, after Mack

completed the robbery of the store, he told her "let's go," pointed a gun at her, "pulled the hammer back and told [her] if [she] didn't get moving he would put a couple of caps in [her]." (Doc. 10-4 at 5).

The record supports the magistrate judge's determination that Mack has not made a credible showing of actual innocence. Therefore, Mack is not entitled to any relief premised on his claim of actual innocence.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the magistrate judge's Report and Recommendation and Mack's objections, the court ADOPTS the magistrate judge's report and ACCEPTS his recommendation. Accordingly, the court OVERRULES all of Mack's objections (docs. 22, 23, 24, 26, 27, 30 & 31). The court finds that Mack's petition for a writ of habeas corpus is due to be **DENIED** as time-barred.

Mack's motions for a hearing on the issues, for a status update, and to move the proceedings forward are due to be **DENIED**. (Docs. 25, 26, 27, 30 & 31). Lastly, Mack's motion requesting that the court reconsider its order denying his motion to have the magistrate judge removed from this case based on bias and prejudice is due to be **DENIED**. (Doc. 29).

Further, because the petition does not present issues that are debatable among jurists of reason, a certificate of appealability is also due to be **DENIED**. *See* 28

U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484-85, 120 S. Ct. 1604-05 (2000); Rule 11(a), Rules Governing § 2254 Proceedings.

The court will enter a separate Final Order.

DONE and ORDERED this 21st day of March, 2018.

Karon O. Bowdre

KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE